IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 01-CR-30140-03-MJR |
| | ) |
| EDWARD SEALS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

By opinion dated August 16, 2005, the United States Court of Appeals for the Seventh Circuit directed a limited remand to this Court for proceedings consistent with *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), after Defendant Edward Seals (sentenced under the then-mandatory scheme of the U.S. Sentencing Guidelines) challenged his sentence under *United States v. Booker*, 543 U.S. 220 (2005). Specifically, this Court sentenced Seals to 360 months imprisonment, which included a term of 276 months for the count of aggravated robbery and a term of 84 months for the count of using a firearm during the robbery. Now that the guidelines, post-*Booker*, are advisory, the case has been returned, so this Court can determine whether its sentence would be different.

*Paladino* instructs that, on limited remand, the sentencing judge must determine whether he would reimpose his original sentence. "If so, we will affirm the original sentence against a plain-error challenge provided that the sentence is reasonable, the standard of appellate review prescribed by *Booker*." If, "on the other hand, the judge states on limited remand that he would have

imposed a different sentence had he known the guidelines were merely advisory," the Seventh Circuit "will vacate the original sentence and remand for resentencing." **Paladino, 401 F.3d at 484.**

In deciding whether to reimpose the original sentence, this Court solicited the views of counsel via written briefs and listened to oral argument presented by the parties at a *Paladino* hearing held before this Court on December 2, 2005.

After considering the briefs, arguments of counsel, Seals' pre-sentence report, co-defendant Johnson's pre-sentence reports, and the Court's private notes, this Court now advises the Court of Appeals that this Court's sentence would have been <u>no</u> <u>different</u> had Seals been sentenced post-*Booker*.

**IT IS SO ORDERED.**

**DATED this 7th day of December, 2005.**

                                             **s/ Michael J. Reagan**
                                             **MICHAEL J. REAGAN**
                                             **United States District Judge**